IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

EDWARD CHARLES GREEN,

    Plaintiff,

vs.                                                         4:08CV273-RH/AK

FLORIDA DEPARTMENT OF
CORRECTIONS, et al,

    Defendants .

                                      /

## O R D E R

This cause is before the court upon Plaintiff's filing of a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), and an application for leave to proceed *in forma pauperis* (IFP). (Doc. 2). Leave to so proceed has been granted in a separate order. (Doc. 9).

From a review of the complaint, it is evident that the facts as presented fail to state a claim upon which relief can be granted. Consequently, the Clerk will mail to him another civil rights complaint that Plaintiff must complete in its entirety. He does not need to file any service copies of the complaint at this time.

Plaintiff alleges that he was falsely imprisoned from March 23, 2005, to June 9, 2006. He sues the DOC, Charlotte Correctional Institution, and B. Mount, Classification Officer at Charlotte CI, and seeks as relief an appeal. From the papers attached to the complaint, it appears that Defendant Mount was asked to confirm his release date, which he did, as July 19, 2006, and Plaintiff wants to appeal this or disagrees with it

now. It is unclear. However, it does seem that the relief sought is not available to him from this Court upon a civil rights complaint. He has attached a partial petition for habeas relief, and if, indeed, Plaintiff is seeking release, he should file a petition for habeas relief. Otherwise, he does not explain how his imprisonment was "false" or why he does not agree with the release date provided to him. He should also name as defendants only those persons whom he alleges have held him falsely, which would be the Secretary if he brings this pursuant to a habeas petition, but he should not name as defendants the Department of Corrections generally or a corrections institute.

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law. If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form. Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation. In civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *See*, *e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint." Plaintiff is advised that the

amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints.  An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded.  N.D. Fla. Loc. R. 15.1.  Plaintiff should file the amended complaint in the Court and keep one identical copy for himself.  Plaintiff need not file service copies until instructed to do so by the court.

If Plaintiff decides he is in fact seeking release from confinement, he should dismiss the present lawsuit and file a petition for habeas corpus.

Accordingly, it is hereby

**ORDERED:**

1.  The clerk of court shall forward to Plaintiff another Section 1983 form.

2.  Plaintiff must respond to this order by **February 13, 2009.**

3.  **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

**DONE AND ORDERED** this   *21st*   day of January, 2009.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**