IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


EDWARD CHARLES GREEN,

       Plaintiff,

vs.                                                       4:08CV273-RH/AK

FLORIDA DEPARTMENT OF
CORRECTIONS, et al,

       Defendants .

_____/

## O R D E R

This cause is before the court upon Plaintiff's filing of an amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 20). Also, before the Court is Plaintiff's Motion to Appoint Counsel. (Doc. 6).

Plaintiff has submitted a partial complaint, which should be resubmitted as a Second Amended Complaint in its complete form, and with the following changes. Plaintiff's primary complaint is that he was held past his release date and he wants money damages for the days he was "falsely imprisoned." This is a sufficient claim to go forward. However, Plaintiff did not include the pages of the complaint form that list the defendants or discuss grievances and this is important information that must be included in the pleading to be served on the Defendants. In his original complaint, Plaintiff named B. Mount as the person who figured his release date and he should either name him again or whomever is responsible within the Florida Department of

Corrections for calculating release dates, but the Department itself or a particular institution is not a correct defendant. Plaintiff may be able to find out the correct defendant for this type of case from a law clerk at the law library. If Plaintiff will name a person as a defendant and file a completed complaint form he may also submit service copies for each defendant with the second amended complaint.

He should also provide information about the grievance process he used on this claim. If he has copies of the grievances (some of which are attached to the original complaint), he should attach them to the second amended complaint as well.

While it would always be helpful to have an attorney represent *pro se* litigants, and indeed in this case it is evident that Plaintiff is having some difficulty in articulating his claims, appointment of counsel in a 1983 is justified only in exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner. Fowler v. Jones, 899 F.2d 1088 (11th Cir. 1990). The primary claim Plaintiff makes is not complex, no legal research is required, and if the proper defendant is named the Court will serve the complaint for Plaintiff and get a response to the issues he raises. Therefore, the motion to appoint counsel (doc. 6) is **DENIED**.

Accordingly, it is hereby

**ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form which he shall mark as a Second Amended Complaint, complete it in full, and provide the

correct Defendant's name. He may also submit a service copy of the complaint at the time he submits the Second Amended Complaint for filing.

    2. Plaintiff must respond to this order by **March 20, 2009.**

    3. **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

    4. Plaintiff's Motion to Appoint Counsel (doc. 6) is **DENIED**.

**DONE AND ORDERED** this **3rd** day of March, 2009.

                          *s/ A. KORNBLUM*
                          **ALLAN KORNBLUM**
                          **UNITED STATES MAGISTRATE JUDGE**